United States District Court
District of Rhode Island

RECEIVED
MAR 15 2021
U.S. DISTRICT COURT
DISTRICT OF R.I.

Amos A Robinson, pro-se,
　　　　　Appellant,

v.

State of Rhode Island　　CASE NO.
　　　　　Appellee,

Appellant's Motion for Resentencing,

## BACKGROUND

On Feb. 7, 2019, Appellant was charged with (2) counts of 1st degree child-molestation and (1) count of 2nd degree child-molestation and being a probation violator. (P1-2019-1216(A))

## STATEMENT OF THE FACTS

On Feb. 13, 2020 Appellant was brought to court and told by his lawyer that the state is willing to dismiss counts (1) 1st degree child-molestation and count (3) 2nd degree child-molestation, pursuant to Rule 48(A) only if the Appellant would plea guilty to the remaining count (2) 1st degree child-molestation. Appellant agreed and the state's offer was not less than 5 years no more than 20 years and the Judge will decide on probation.

Later that day Appellant went before the Judge, and asked the Appellant does he agree with the plea-agreement made by the State, Appellant agreed and the Judge excepted the plea. Counts 1 & 3 were dismissed and the Judge stated that he could give the Appellant 20 years if he wanted. The Judge didn't sentence the Appellant that day but ordered a pre-sentance report done within the next (2) weeks.

(1)

On August 18, 2020, the Appellant was brought to Providence Superior Court for sentencing, the state prosecutor started off by bringing up the dismissed counts 1 & 3 as if they were Actived charges, she explain both counts 1 & 3 to the Judge in detail. Additionally the Judge allowed the state to read in open court the Victium's letter which was based only on the dismissed count's 1 & 3, appellant did not have the opportunity to view this letter prior to it's introduction in court or to challenge it's content's once it was presented in court. The lawyer for the appellant did not object to these impermissible Factors.

The Judge brought up a dismissed charge from 2014 stating That " I see that you have this dismiss charge that I believe that you had something to do with it"

Judge stated "this is the first time I've seen some kind of Remorse from you" The Judge took into account what the state had said about the dismissed counts 1 & 3 that were unproven and dismissed.

Appellant full sentance was 40 years term 19 years suspended 21 years, probation 40 years Appellant's contends was excessive

(2)

## Summary Statement

Appellant contends that consideration of dismissed charges during sentencing resulted in the denial of the appellant's due process, State V. Shanahan, Court of Appeals Iowa, apr 2016, 884, NW 2d 223, Seay V. State. 789, So 2d 1209, 1210, (Fla 4th DCA 2001) State V. Black, 324, NW 2d at 315, State V. Gonzales 582 NW 2d 515, 516 (Iowa 1998) State V. Sinclair, 582 NW 2d At 765, State V. Mateer, 383 NW 2d 533, 538

Appellant contends that fundamental error occurred when the trial court considered constitionally impermissible factors when imposing the sentance, Nawaz V. State 28 So. 3d 122-124-25 (Fla 1st DCA 2010) Jackson V. State 39, So 3d 427 (Fla 1st DCA 2010)

Appellant argues that allowing the victim letter that included allegations of unproven offenses to be introduced for consideration at sentencing, and for the judge to bring up a dismissed charge from 2014 also for the presentence report to include a dismissed Robbery charge from 1987 to be introduced for the same consideration, denies appellant's certain constitutional right such as the presumption of innocence and the right of confrontation, Carolan V. Hill, 553, NW 2d 882, 887 (Iowa 1996) State V. Thieme

(3)

On December 14, 2020 Appellant sent an appeal for reduction of sentence to Providence Superior Court for which Appellant did not receive a confirmation of receipt from the courts clerk.

On January 7, 2021 Appellant sent a second copy of the appeal to the court, Appellant received a response that the first copy had been received by the court but "sliped threw the cracks" an intermediary for Appellant has made several attempts to contact the court via phone calls to confirm the court's receipt of the second appeal, without success.

As of the writting of this document, Appellant has not received confirmation from the state court that a date for a hearing has been set. Appellant contends that the actions of the state court pertaining to their refussal to confrim acceptance and consideration of Appellant's appeal is a violation of Appellants 5th Amendment Rights to access the courts and to receive "Due Process. Appellant is concerned that the state court has not processed Appellant's petition appropriately, and if Appellant has not taken further action to ensure that the appeal has been filed with the Federal Court in a timely manner.

Therefore, Appellant has forwarded this request for an Appeal Hearing to this Honorable Federal Court.

(4)

## Conclussion

Appellant contends that the presiding Jugde's comments prior to sentencing strongly indicates that the dismissed charges were a factor in the courts determination to impose the maximum allowable sentance,

Appellant contends that the trial court would not have imposed the same sentance absent consideration of the fore-mentioned impermissible factors.

Appellant contends that appellant's lawyer failed to provide proper legal representation when she failed to object to the fore-mentioned fundamental errors,

Therefore, appellant respectfully request that this Honorable court reverse the sentance and remand for re-sentancing before a different judge.

Submitted by

Amos A Robinson
#63788
ACI MEDIUM ONE
March 9, 2021

(5)